HEARD NOVEMBER TERM, 1875.

## Jones *vs.* Massey.

Testatrix devised the rest and residue of her real estate to her three children and two grand-children, her son J. R. being one of the three children, and directed that on the partition and division of said real estate her son J. R. would have the right, at his discretion, to take the said real estate at its appraised value on a credit of ten years, payable in equal annual instalments, with interest: *Held*, That J. R. was not bound to make his election to take the real estate until there was a return to a writ of partition appraising the lands.

*Held*, further, that it was proper to require J. R. to secure the payment of the appraised value of the real estate and the interest thereon by his bond and mortgage, but not by personal security, and also to require him to account for rents and profits, he having been in possession before the division.

Testatrix devised her mills to her son J. R., "with one hundred acres of land around the said mills, to be laid off in such way and manner as will be suitable and proper with reference to the mills and the balance of my estate:" *Held*, That J. R. was not entitled to have the one hundred acres of land laid off immediately around the mills and in one compact parcel.

Before MACKEY, J., at Lancaster, February, 1874.

This was an action by Churchill B. Jones against Sarah R. Massey and others, for partition.

The case was as follows:

Elizabeth Massey made her last will and testament bearing date

the 16th day of December, 1858, and shortly thereafter departed this life, leaving the same of force. By the first and third clauses thereof, she devised and bequeathed as follows:

1. I give, devise and bequeath to my son, James R. Massey, for and during his natural lifetime, subject to the limitations and conditions hereinafter stated, my mills, situate on the Catawba River, with 100 acres of land around the said mills, to be laid off in such way and manner as will be suitable and proper with reference to the mills and the balance of my real estate; also the one-half of the balance or remainder of my whole real estate and lands whereon I now reside and cultivate, situate on the Catawba River, composed of several tracts or parcels, for and during the term of his natural life, subject to the limitations and conditions hereinafter stated; also all my horses and mules, (except my two carriage mules,) all my stock of cattle, plantation, smith and carpenter tools, the one-half of my stock of hogs; also my library of books and my silver cup, which was the cup of his father.

The foregoing lands and estate my son, James R. Massey, will take and receive, in addition to what will hereafter in this will be given, and over and above the share which he will hereafter, in this will, receive and be given to him in common with his sisters. James R. Massey, my son, will get under this clause, and in this devise, the mill and 100 acres land, and then the one-half of all the balance or remainder of my whole real estate, subject to the conditions and limitations hereafter in this will stated and expressed; also the other property, personal, herein stated, for which he is not to account, and over and above his share hereafter given him.

3. All the balance, remainder and residue of my estate, real and personal, saving and excepting what is disposed of in the first and second clauses of my will aforesaid, I give, devise and bequeath as follows: To my daughter, Elizabeth Massey, the one-fourth. To my daughter, Sarah Jones, the one-fourth. To my son, James R. Massey, the one-fourth. And to my grand-children, Mary E., Charlotte A. and James R. Massey, children of my deceased daughter, Jane Massey, among them the remaining one-fourth. In the division and partition of the same, I allow the negroes to be laid off and allotted and vested as follows; To James R. Massey, my son, the following negroes: Tom, (the miller,) Cindy, Isom, John

(carpenter,) Tim, Jim, Henrietta and child, Rhoda, Clayborne, Miram and their future increase; my son James R. to take said negroes at their appraised value and account for said negroes at their appraised value in the division to my other legatees, he accounting to the other three for the excess over his one-fourth. To my daughter, Elizabeth Massey, the following negroes: Robin, Silvey, Jimmie and Daniel and future increase, at their appraised value on the partition and division, she accounting for their value in taking her one-fourth as aforesaid. To my grand-daughter, Mary Elizabeth Massey, the following negroes: Nancy Jane, Jack, Bill and Jessie and their future increase, at their appraised value on the partition and division, she accounting for said value in taking her share, the one-third of the one-fourth, as aforesaid. To my grand-daughter, Charlotte A. Massey, the following negroes: Eaton, Rachel, Kitty and Rosella, at their appraised value on the partition and division of my estate, she accounting for said value in taking her share, the one-third of one-fourth, as aforesaid. I have herein allotted my negroes. To my daughter, Sarah Jones, and grandson, James R. Massey, I have allotted no negroes, but they will receive their share of the value of said negroes from the others. Sarah Jones will receive her one-fourth in money, and James R. Massey his one-third of one-fourth also in money.

On the partition and division of the lands and real estate, my son, James R. Massey, is to have the right, and the power is hereby conferred on him, to take the said real estate and require that the said lands be vested in him at their appraised value on said partition, he accounting for the appraised value of said lands and real estate; this is, however, discretionary with my said son, James R. Massey, and he can act to suit himself when called upon to decide and make his election. If my son, James R. Massey, should decide to take the lands on the partition at their appraised value, this, with the value of the negroes, will far exceed his one-fourth and put him considerably in debt, having to pay back largely, but he must have a long credit, say ten years, if he should desire it, with interest from the day the partition is made, in equal annual instalments. The estate share and negroes given to my daughter, Elizabeth Massey, under this section or clause of my will, is given and bequeathed to Dixon Barnes, in trust, for her sole and separate use for life, and at her death to such child or children as she, my said daughter Elizabeth, may leave living at her death, and in the event

she dies leaving no child or children alive, or the issue of a child, then the share which my said daughter Elizabeth takes and the estate which she gets for life under this will is to return back and be divided among my other legatees named in this third section or clause of my will, according to their rights and in the proportion herein stated and expressed in this third section.

The share which my daughter, Sarah Jones, will receive and take under this my will and this third section thereof is given and bequeathed to her for life for her sole and separate use, and at her death to be equally divided among her children and the children of my deceased daughter Charlotte—the children taking *per capita*—the said share to pass into the hands of Churchill B. Jones in trust, and as trustee for the trust herein stated for my daughter Sarah.

The share which my grand-daughters, Mary Elizabeth and Charlotte Antoinette Massey, and the estate and negroes which they will respectively get, receive, take and be entitled to under this my will and this the third section thereof, is given, devised and bequeathed to Dixon Barnes, in trust, for the sole and separate use of the said Mary Elizabeth and Charlotte A. Massey, respectively, during their respective lifetimes, and at their deaths, respectively, to such child or children as they may leave living at their respective deaths; and in the event either or both dies leaving no child or children alive, or the issue of a child, then their share, estate and negroes is to be divided between the survivor and their brother, James R. Massey. If both die leaving no child or issue of a child, James R. Massey, their brother, takes the share of both. The share which my grand-son, James R. Massey, takes and will be entitled to receive under this my will and the third section thereof, is given to him for life, and at his death to such child or children as he may leave alive at his death; and if he dies leaving no child or children alive at his death, or the issue of a child, his share and estate under this my will and the third section hereof is to be divided between his sisters Mary E. and Charlotte A. Massey.

The mills and 100 acres of land and the one-half of the balance or remainder of land and real estate given and devised to my son, James R. Massey, in the first section or clause of my will, together with the negroes and estate which my son, James R. Massey, will get, receive and be entitled to under this the third section or clause of this my will, is hereby given, devised and bequeathed to my

said son, James R. Massey, for and during the term of his natural life, and at his death to such child or children as he may leave living at the time of his death; and in the event he, my said son, James R. Massey, should die, leaving no child or the issue of a child at his death, then said lands, mills, negroes and estate is to return back and be divided amongst my legatees named in this the third section of my will, and according to their rights and in the proportions herein, in this third section of my will, stated and expressed.

A writ of partition was issued, directing the Commissioners to make partition and division of the lands in conformity with the provisions of the will, and they made a return thereto, dated the 1st December, 1873, wherein they stated that they first laid off to James R. Massey one hundred acres around the mill, represented by a plat referred to; and that they then appraised the whole balance of the lands, consisting of sixteen hundred and fifty-one acres, at the sum of $6,996. The return next proceeded to state and set forth how the Commissioners had divided the said balance between the parties entitled, and what tract they had allotted to each, and its appraised value.

James R. Massey excepted to the return on the grounds:

1. Because the Commissioners, in their said return, have failed to lay off to this defendant, in fact, out of the land described in said writ, the one hundred acres around the mill devised to him in the will of his mother, Mrs. Elizabeth Massey, deceased.

2. Because, in their said return, they have withheld from this defendant the right to elect whether he would take the whole of the said lands and real estate conferred upon him in the third clause of said will at their appraised valuation thereof upon the terms and conditions contained in said third clause, which said lands this defendant would have so elected to take, and still elects to take, in conformity with the right conferred upon him as aforesaid.

On the 26th of December, 1873, His Honor made a decree as follows:

MACKEY, J. Upon hearing the amended return of the Commissioners in the above entitled case, made in accordance with the order of the Court of the 5th September, 1873, and on motion of

S. P. Hamilton, plaintiff's attorney, it is ordered that the same be confirmed, and that the title to the various tracts of land set off to James R. Massey be vested in him, and that the tract set off to Mrs. Elizabeth Beckham be vested in her as her sole and separate property.

It is further ordered that Sarah Jones, Mary E. Massey, Charlotte A. Beckham and James R. Massey, Jr., do make and execute their bond to James R. Massey for the sum of $874.50, payable in two equal annual instalments, with interest from date, and, to secure the same, do give to said James R. Massey a mortgage on all the land set off to said Sarah Jones, Mary E. Massey, Charlotte A. Beckham and James R. Massey, Jr., and mentioned in said return. And upon the making of said bond and mortgage and delivering the same to the Clerk of this Court for the use of the said James R. Massey, that the titles of said tracts of land shall vest in said Sarah Jones, Charlotte A. Beckham, Mary E. Massey and James R. Massey, Jr.

It is further ordered that said Sarah Jones, Charlotte A. Beckham, Mary E. Massey and James R. Massey, Jr., do pay to Mrs. Elizabeth Beckham the sum of $130.50, as they may be respectively liable, on account of the deficit in value of tract set apart to her.

It is further ordered that upon a compliance by the various parties with the conditions of this order, that the Sheriff of Lancaster County do put the parties in possession of the tracts of land set apart to each of them according to said return and this order.

The above order was afterwards rescinded, but on the 23d of February, 1874, it was renewed by another decree as follows:

MACKEY, J. On hearing the report of the Commissioners appointed by the order of this Court to make partition of the real estate mentioned in the pleadings, and the exceptions of the defendant, filed to said report, it is ordered that the said exceptions be overruled, and that the order of the Court made in the above entitled cause, made on the 26th day of December, 1873, become the decree of this Court. It appearing that the defendant, James R. Massey, has been in possession of all of said real estate since 1859, it would be impossible that this Court should now permit him to purchase the whole of said land at a credit of ten years, as provided by the terms of the will of the testatrix, unless the said James R. Massey do pay to the other parties interested in such real estate

the rents and profits of their share of such real estate for the past fifteen years, and shall give a bond with two good sureties, besides a mortgage of the real estate so to be purchased by the said defendant, for the payment of the purchase money thereof and the interest on the first day of January of each year.

James R. Massey appealed.

*Moore*, for appellant.

*Hamilton, Allison*, contra.

March 15, 1876.   The opinion of the Court was delivered by

WILLARD, A. J.   The main question to be considered arises in a provision of the will of Mrs. Elizabeth Massey, as follows : "On the partition and division of the lands and real estate, my son, James R. Massey, is to have the right, and power is hereby conferred on him, to take the said real estate and require that the said lands be vested in him at their appraised value on such partition, he accounting for the appraised value of said lands and real estate.   This is, however, discretionary with my said son, James R. Massey, and he can act to suit himself when called upon to decide and make his election.   If my son, James R. Massey, should decide to take the lands on the partition at their appraised value, this, with the value of the negroes, will far exceed his own fourth, and put him considerably in debt, having to pay back largely; but he must have a long credit, say ten years, if he should desire it, with interest from the day the partition is made, in equal annual instalments."

A suit for partition was brought, a writ of partition issued, and a return made, among other things appraising the value of the lands of which partition was sought.

The appellant claims that upon the coming in of this return he was entitled to his election to take the lands at the value fixed upon them by the appraisal.   The right was denied by the Circuit judgment.

The judgment is not consistent with itself.   It does not in terms deny the right of James R. Massey to take the lands at the appraised value, but, on the contrary, says: "It appearing that the defendant, James R. Massey, has been in possession of all of said real estate since 1859, it would be impossible that this Court should now permit him to purchase the whole of said land at a credit of

ten years, as provided by the terms of the will of the testatrix, unless the said James R. Massey do pay to the other parties interested in such real estate the rents and profits of such real estate for the past fifteen years, and shall give a bond, with two good securities, besides a mortgage of the real estate so to be purchased by the said defendant, for the payment of the purchase money thereof, and the interest on the first day of January of each year." Notwithstanding the judgment at once vested the lands partitioned in the various parties in interest in disregard of J. R. Massey's right to purchase, by reaffirming an order previously made to that effect and subsequently rescinded.

James R. Massey was clearly entitled to take the lands at the appraised value, and was not bound to make his election until the value of the land was ascertained by the confirmation of the return of the Commissioners. It was proper that he should be required to give his bond and mortgage for the payment of the principal, in annual instalments, and interest upon it from the date of the judgment. Nothing appears in the case warranting the Court in demanding personal securities in addition to his own bond and mortgage. James R. Massey should be required to account for the rents and profits of the lands held by him other than his own share down to the time of his election. It is objected that the right of election is lost by lapse of time. By the terms of the will the election need not be made until the appraisement of the value in partition. As any of the parties had the right to demand partition, the delay in the appraisement cannot be charged as a default on the part of James R. Massey.

The remaining question is raised by James R. Massey, upon the allotment made by the Commissioners, under the following clause of the will: " I give, devise and bequeath to my son, James R. Massey, for and during his natural lifetime, subject to the limitations and conditions hereinafter stated, my mills, situated on the Catawba River, with one hundred acres of land around the said mills, to be laid off in such way and manner as will be suitable and proper with reference to the mills and the balance of my estate."

The Commissioners, in laying off this tract, gave land contiguous to the mill, but not lying compactly around it, such lands stretching from the mill chiefly in one direction. The object of this allotment was to define regular boundaries to the land outside of the mill lot. It does not appear that there is any defect as affecting the conve-

nient use of the mill, its approaches and appurtenances. The appellant claims that land immediately around the mill, considered solely with reference to the convenient use and value of the mill, should have been attached. This the will clearly does not authorize. The land must be around the mill, but not necessarily equally distributed about it, for the will directs that the situation of the balance of the real estate should be considered in the allotment. It does not appear that the allotment is in anywise inconsistent with the terms or intent of the will, and it ought to stand.

The judgment must be set aside, and the case remanded, to carry out the requirements of the judgment.

*Moses,* C. J., and *Wright,* A. J., concurred.